NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**WILLIAM GREEN, JR.,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2015-3194

---

Petition for review of the Merit Systems Protection Board in No. PH-3443-15-0046-I-1.

---

Decided: January 6, 2016

---

WILLIAM GREEN, JR., Baltimore, MD, pro se.

SARA B. REARDEN, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, for respondent. Also represented by BRYAN G. POLISUK.

---

Before LOURIE, DYK, and HUGHES, *Circuit Judges.*

PER CURIAM.

William Green, Jr. ("Green") seeks review of a final decision of the Merit Systems Protection Board ("Board") dismissing his appeal for lack of jurisdiction. *See Green v. Dep't of Army*, No. PH-3443-15-0046, 2015 WL 3444383 (M.S.P.B. May 29, 2015) ("*Decision*"). We affirm.

BACKGROUND

Green works as an Information Technology Specialist for the U.S. Army. From 2007 to 2014, Green underwent a series of reassignments. He started under the General Schedule pay plan as a GS-13, Step 7, IT Specialist; was then reassigned to the National Security Personnel System as a YA-2, IT Specialist; then to the Personnel Demonstration Project as a DE-3, IT Specialist; until he finally returned to the General Schedule as a GS-13, Step 10, IT Specialist. *Decision* ¶ 2. With each reassignment, Green maintained his 2210 Occupational Series. *Id.*

In 2014, Green filed a pro se appeal at the Board, alleging that the Army failed to properly adjust his basic pay during the reassignment process. Resp't's App. ("R.A.") 59–60. In an acknowledgement order, the administrative judge ("AJ") informed Green that because he was challenging "[his] reassignment to another position without a loss of grade or pay," he bore "the burden of proving that the Board has jurisdiction over [his] appeal." R.A. 50. Green did not respond to that order. *See Decision* ¶ 3.

The Army timely moved for the appeal to be dismissed for lack of jurisdiction. R.A. 42–48. Thereafter, Green submitted, *inter alia*, performance reviews from 2009 to 2013, a memorandum addressing his transition to the General Schedule, and an Employee Bulletin on the impact of the transition on pay and grade. *Decision* ¶ 3.

The AJ considered the submitted documents, but nevertheless dismissed Green's appeal for lack of jurisdiction. R.A. 8–11. The AJ reasoned that Green made a "bare

allegation that his reassignment from DE-3 to GS-13, Step 10, resulted in a loss of pay," without providing any evidence to suggest that he lost pay, much less specifying how much he lost.  R.A. 10.  Instead, the AJ found, "the evidence indicates that as a DE-3, the appellant's adjusted basic pay was $116,901 and it was the same after conversion to GS-13, Step 10."  R.A. 10.  Absent evidence suggesting a reduction in pay or grade, the AJ determined that the Board lacked jurisdiction over Green's appeal.

The AJ's initial decision became final on May 29, 2015 when the full Board denied Green's petition for review. *Decision* ¶ 1; 5 C.F.R. § 1201.113.  Green timely appealed to this court for relief; we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

The Board's jurisdiction over a matter is not plenary; it is circumscribed by statute and regulation.  *See Herman v. Dep't of Justice*, 193 F.3d 1375, 1378 (Fed. Cir. 1999).  Under 5 U.S.C. §§ 7512(3)–(4), the Board has jurisdiction over an employee's "reduction in pay" or his "reduction in grade," *i.e.*, a reduction in "level of classification under a position classification system," 5 U.S.C. § 7511(a)(3).  We review de novo the Board's determination that it lacked jurisdiction.  *See Johnson v. Merit Sys. Prot. Bd.*, 518 F.3d 905, 909 (Fed. Cir. 2008).

The Federal Register sets forth several specific occupational families for the Department of Defense's Science and Technology Reinvention Laboratory Personnel Management Project at the United States Army.  66 Fed. Reg. 54872, 54877 (Oct. 30, 2001).  In particular, the notice describes Pay Plan DE for Business and Technical personnel, *id.*, which includes Green's Occupational Series (2210), *id.* at 54896.  According to the Pay Band Chart, a DE-3 is equivalent to a GS-12 to GS-13 grade employee. *Id.* at 54877.

For a Pay Band corresponding to two or more grades, such as DE-3, a multi-part inquiry is required to determine which GS grade applies. First, "the employee's adjusted rate of basic pay under the demonstration project (including any locality payment or staffing supplement) is compared with step 4 rates in the highest applicable GS rate range." *Id.* at 54891. Then, "[i]f the employee's adjusted project rate equals or exceeds the applicable step 4 rate of the highest GS grade in the band, the employee is converted to that grade." *Id.* The employee is then assigned to one of the ten steps within the converted grade that most closely approximates the employee's adjusted basic pay.

In this case, Green's adjusted basic pay was $116,901. Appellant's Informal Reply Br. 2 n.2. It exceeded the GS-13, Step 4 grade, which is $98,916. Accordingly, the Army converted Green to a GS-13 employee. Then, within the GS-13 grade, Step 10 most closely approximated Green's adjusted basic pay; in fact, it equaled his adjusted basic pay. The Army therefore converted Green to a GS-13, Step 10 employee, with a salary of $116,901.[1]

Green argues that, according to an Employee Bulletin he received in 2014, the Army should have reassigned him to GS-14, Step 5, rather than GS-13, Step 10. Appellant's Suppl. App. 1–9. According to Green, such a reduction in grade, and consequent reduction in pay, bestowed jurisdiction on the Board to address his appeal under 5 U.S.C. §§ 7512(3) & (4).

---

[1] There exists an exception to the approach outlined above. An employee whose adjusted basic pay exceeds Step 10 of the applicable grade, "but fits in the rate range for the next higher applicable grade (*i.e.*, between step 1 and step 4)," will be converted to that next higher applicable grade. 66 Fed. Reg. at 54891. Green does not contend that that exception applies here.

We find that contention unpersuasive and affirm the Board's conclusion that it lacked jurisdiction over Green's appeal. As an initial matter, the referenced Bulletin is inapposite; it simply illustrates the conversion calculation for a Pay Plan DB employee, not a DE employee. Appellant's Suppl. App. 1. Thus, the mere fact that the Bulletin contemplates a conversion to GS-14 for a DB-3 employee does not help Green's case. Green's status as DE-3, with an $116,901 adjusted basic pay, did not make him eligible for a GS-14 position, at any step. 66 Fed. Reg. at 54877.

Moreover, Green failed to present any substantive evidence refuting the Army's conversion calculation; his bare allegations were inadequate to vest the Board with jurisdiction. *See* 5 C.F.R. §§ 1201.56(a), (c)(2). The Board correctly determined that Green could not establish a reduction in grade or in pay based solely on his reassignment from DE-3 to GS-13, Step 10, and thus correctly determined that it lacked jurisdiction over his appeal.

We have considered the remaining arguments presented in Green's informal petition, but do not find them persuasive. For the foregoing reasons, the decision of the Board is affirmed.

## AFFIRMED

### COSTS

No costs.